UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNIN DWAYNE JACKON,<br><br>                Plaintiff,<br><br>     - against -<br><br>CAPTAIN MARONNA,<br><br>                Defendant. | **ORDER**<br><br>18 Civ. 10148 (PGG) (SLC) |

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Kennin Dwayne Jackson filed the Complaint on October 31, 2018, alleging violation of his constitutional rights by Defendant Captain Maronna.  (Dkt. No. 2)

        On November 19, 2018, Plaintiff filed a memorandum changing his address.  (Dkt. No. 5)

        On December 3, 2018, this Court granted Plaintiff's request to proceed in forma pauperis.  (Dkt. No. 6)

        On December 6, 2018, this Court referred the action to Magistrate Judge Henry Pitman for general pretrial supervision, and on December 7, 2018, Judge Pitman directed Plaintiff to file an Amended Complaint.  (Dkt. Nos. 8, 9)

        Plaintiff filed the Amended Complaint on September 9, 2019.  (Dkt. No. 14).

        On October 3, 2019, this case was re-assigned to Magistrate Judge Sarah L. Cave.

        On January 23, 2020, the Clerk's Office received a notification from the Connecticut Department of Corrections, Office of Inmate Accounts, informing this Court that Plaintiff had been discharged from the Connecticut Department of Corrections.  (Dkt. No. 15)

On January 30, 2020, Judge Cave issued an order directing Plaintiff to update his address within 30 days. Judge Cave noted that this Court has no address at which to communicate with Plaintiff. (Dkt. No. 16)

Plaintiff did not update his address. Accordingly, on March 20, 2020, Judge Cave issued an order recommending dismissal for failure to prosecute. (Dkt. No. 18)

Federal Rule of Civil Procedure 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors":

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

Here, these factors weigh in favor of dismissal. "The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). Here, seven months have passed since Plaintiff was directed to update his address. Although Plaintiff is aware of his obligation to maintain a current address with the Court – having previously updated his address after a transfer to another correctional facility (Dkt. No. 5) – he has not updated his address. His failure to do so has already resulted in many months of

delay in this case.  See Laney v. Ramirez, No. 10 Civ. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (citing Baker v. Smartwood, 9:00 Civ. 1189 (GTS) (GJD), 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008) ("[D]urations of time as brief as four months have been held to be sufficient to weigh in favor of dismissal.") (collecting cases)); Bridgeforth v. Thayer, No. 12 Civ. 519 (GTS) (RFT), 2012 WL 2909693, at *1-2 (N.D.N.Y. July 16, 2012) (dismissing complaint for failure to comply with court order and for failure to prosecute where plaintiff failed to notify court of new address within two months of his release from custody).

Under the second factor, "[t]he question . . . is whether [Plaintiff] received notice 'that further delays would result in dismissal.'"  U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180).  In her March 16, 2020 order, Judge Cave warned Plaintiff that his case would be dismissed if he did not update his address.  (Dkt. No. 16)

The next factor – whether Defendant is "likely to be prejudiced by further delay" – also weighs in favor of dismissal.  "Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit."  Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000); see also Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) ("[P]rejudice resulting from unreasonable delay may be presumed as a matter of law." (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982))).  Moreover, "[b]ecause dismissal here is without prejudice, the plaintiff will not be prejudiced by dismissal, and his right to a fair chance to be heard will be protected."  Laney, 2011 WL 6594491, at *1.

Finally, the Court finds that lesser sanctions would be ineffective.  Plaintiff has not responded in any way to the Court's January 30, 2020 or March 20, 2020 orders, and this

Court has no way to communicate with him.  "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed.  Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless." Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A., No. 06 CIV 2390 LAP, 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) ("[R]epeated violation of orders of this Court leads to the inexorable conclusion that no sanction short of dismissal would effectively address [plaintiff's] conduct.")); Smith v. Human Res. Admin., No. 91 Civ. 2295, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [as][c]ourt orders and direction have not prompted plaintiff to move h[is] case forward.")).  This factor therefore weighs in favor of dismissal.

Viewing the record as a whole, and having considered each of the relevant factors, the Court concludes that dismissal for failure to prosecute is an appropriate sanction at this time.

## CONCLUSION

For the reasons stated above, Plaintiff's claims are dismissed without prejudice. The Clerk of Court is directed to close this case.

Copies mailed by Chambers.

Dated:  New York, New York
        September 8, 2020

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge

4